**SPITZER AKRON, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 74–1151.**

United States Court of Appeals, Sixth Circuit.

Oct. 14, 1974.

---

M. Alfred Roemisch, Donald N. Jaffe, Roemisch & Wright, Cleveland, Ohio, for petitioner.

Elliott Moore, Deputy Asst. Gen. Counsel, Peter Nash, John Irving, Patrick Hardin, Paul Spielberg, Stephen D. Quinn, N. L. R. B., Washington, D. C., for respondent.

Before PHILLIPS, Chief Judge, and McCREE and LIVELY, Circuit Judges.

## ORDER

This case is before the court on a petition to review and set aside the supplemental decision of the National Labor Relations Board of January 25, 1974 reported at 208 NLRB No. 80. Enforcement of a previous decision and order of the Board in this case was granted by this court in an order reported at 470 F.2d 1000 (1972). Subsequently, upon application of the petitioner herein, the Supreme Court granted certiorari, vacated the judgment and remanded the case to this court "with instructions to remand case to the National Labor Relations Board for such further proceedings as may be appropriate in light of Burns International Security Services, Inc. v. NLRB, 406 U.S. 272, [92 S.Ct. 1571, 32 L.Ed.2d 61] (1972). FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 245–250, [92 S.Ct. 898, 31 L.Ed.2d 170] (1972); SEC v. Chenery Corp., 318 U.S. 80, 87–88, [63 S.Ct. 454, 87 L.Ed. 626] (1943); Bachrodt Chevrolet Co. v. NLRB, [411 U.S.] 912, [93 S.Ct. 1547, 36 L.Ed.2d 304 (1973)]; Denham v. NLRB, [411 U.S.] 945, [93 S.Ct. 1925, 36 L.Ed.2d 407 (1973)]." 411 U.S. 979, 93 S.Ct. 2272, 36 L.Ed.2d 955 (1973). In compliance with the mandate of the Supreme Court, on August 15, 1973 this court entered an unreported order remanding to the Board "for such further proceedings as may be appropriate" in light of the cases cited in the order of the Supreme Court.

The Board proceeded to reconsider the case without notifying the petitioner Spitzer Akron that the case had been redocketed or affording it an opportunity to participate in any way. Thereafter the Board issued its supplemental decision in which it adhered to its previous finding that Spitzer Akron had violated Section 8(a)(5) of the National Labor Relations Act and determined that "[N]othing in *Burns* requires the Board to change these findings." The supplemental decision reaffirmed "the findings, conclusions, and remedy" of the original decision and order.

Implicit in the instructions accompanying the remand of the case to the Board was a requirement that the petitioner be given notice of the reconsideration of the case by the Board with an opportunity to present its views on the meaning of the Supreme Court opinions referred to therein and applicability to the facts of this case thereto, together with the right to petition to reopen proof in the case if it desires to do so. By not affording petitioner an opportunity to be heard and to participate in the reconsideration, the Board has failed to comply with the mandate of this court.

The petition for review is granted, and the cross-application for enforcement filed by the Board is denied. The supplemental decision and order of the Board entered on January 25, 1974 is set aside and the case is remanded to the Board for further proceedings consistent with the provisions of this order.