GLOMAC PLASTICS, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

and

Amalgamated Clothing and Textile
Workers Union, AFL–CIO,
Intervenor.

Nos. 102, 443, Dockets 78–4046, 78–4058.

United States Court of Appeals,
Second Circuit.

Resubmitted after Remand
March 29, 1979.

Decided May 16, 1979.

---

**3.** Defendants' temerarious request for fees on appeal, alleging that this appeal was friovlous, is denied.

**4**

Andrew H. Schwartz, Syracuse, N. Y. (MacKenzie, Smith, Lewis, Michell & Hughes, Kevin M. Reilly, Syracuse, N. Y., on the brief), for petitioner.

Joseph A. Oertel, Washington, D.C. (N. L. R. B., Washington, D.C., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C.), for respondent.

Arthur M. Goldberg, New York City (Amalgamated Clothing & Textile Workers Union, AFL–CIO, George Kirschenbaum, New York City, George Kaufmann, Washington, D.C.), for intervenor.

Before FEINBERG and MULLIGAN, Circuit Judges, and NEWMAN, District Judge.*

PER CURIAM:

On January 24, 1979, upon the Board's cross-petition to enforce a bargaining order, we upheld the Board's finding of a refusal to bargain in good faith and approved, on the existing record, its remedy of an extension of the Union's initial certification year for another full year from the date the Company commences good faith bargaining. However, concerned over the extraordinary lapse of time since the events in question, a delay largely attributable to the Board, we withheld entry of judgment enforcing the Board's order for 60 days and remanded the case to the Board "for such further consideration and any revision of the remedy as it deems advisable." By decision dated March 22, 1979, the Board has determined that the bargaining remedy remains appropriate.

 In the proceedings upon remand, the Board denied the Company's motion to reopen the record to receive evidence of events the Company contended rendered the order no longer appropriate. The Board erroneously concluded that this Court had expressly held that such evidence could not be considered. What this Court held was that such evidence, not then in the record, could not be considered by this Court, but nothing precluded its consideration by the Board. Indeed, the remand for further consideration implicitly entitled the Board to reopen the record for further evidence. *Cf. Spitzer Akron, Inc. v. N. L. R. B.,* 504 F.2d 28, 29 (6th Cir. 1974). However, there is no need for a further remand, since the Board, in reaffirming the remedy, assumed the accuracy of the Company's principal claims of substantial employee turnover in the unit and/or abandonment of the unit by the Union. We assume the Board did not decline to exercise its discretion concerning the remedy, but simply concluded that under the circumstances of this case, the remedy was thought appropriate even if the Company's evidence of intervening circumstances were accepted as an offer of proof.

In these circumstances, judgment may enter enforcing the Board's order.

* United States District Judge for the District of Connecticut, sitting by designation.